IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM E. SMITH, III,

        Plaintiff,

v.                                    CIV No. 2000-957 LH/DJS

AZTEC WELL SERVICING
COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, following removal of the case from state court, on Defendant's Motion for Dismissal with Prejudice (Docket No. 7). Also before the Court is Plaintiff's Motion for Summary Judgment Based on Collateral Estoppel (Docket No. 12). The Court, having read all briefs of both parties as well as the relevant case law and statutory law, and being fully advised in the premises, for the reasons that follow, concludes that both motions shall be **denied.**

**I.  Background**

On June 5, 2000, Plaintiff filed a complaint under the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 and 216 (hereafter "FLSA") and under the New Mexico Minimum Wage Act, § 50-4-22 N.M.S.A. (1978) (hereafter "NMMWA").  Plaintiff asserts essentially duplicate claims under federal and state law.  The complaint alleges wage and hour claims against Defendant for its refusal to pay regular and overtime wages for travel time.  Given the allegations of federal violations that give rise to jurisdiction in this Court, Defendant corrrectly removed this case to this Court in July 2000.

The complaint alleges that Plaintiff has been required to ride with a company employed driver from his city of residence to the work site at remote drilling locations.  Plaintiff alleges that he is entitled to compensation for the time spent traveling to and from the well locations, as this time is an integral part of the job duties to be performed for Defendant ("straight time" claim).  (Para. 18).  He also alleges that, including travel time, he has consistently worked more than 40 hours per week and is entitled to receive the correct amount of overtime compensation ("overtime" claim).  He alleges that Defendant has refused to pay certain amounts of straight time and overtime compensation, as well as the related federal, state and social security taxes, unemployment and workers compensation insurance and other benefits.  Defendant allegedly regards the required travel to and from the work site as non-compensable hourly labor.  Defendant has paid overtime compensation only for hours actually worked at the drilling locations in excess of 40 hours.  Defendant's alleged system of non-payment has gone on for the three years before the complaint was filed.  Plaintiff's complaint seeks prejudgment interest, liquidated damages, attorneys' fees and costs.

**II.  Discussion**

**A.  Plaintiff's Motion for Summary Judgment**

Plaintiff argues that Defendant is estopped from arguing that the mandatory travel arrangements were not in its interests of and to its benefit.  Plaintiff bases this argument on the findings of a workers' compensation judge, Judge Gregory Griego, contained in a June 1, 2000 order.[1]  The order states that Plaintiff was in an accident, that the accident arose out of employment with Defendant (¶ 6); and that it was in the course of Plaintiff's employment with Defendant (¶ 7).  Judge Griego's order does not state where Plaintiff was, or what he was doing when the accident occurred.  Based upon the language of this order, despite the legal arguments of counsel in their briefs, it is impossible for this Court to conclude that the accident occurred while Plaintiff was traveling to or from Defendant's well locations.  The order does not so state, and there is no evidence before the Court to support such a conclusion.   It appears to be Plaintiff's argument that an activity that is determined to be "work related" for purposes of New Mexico worker's compensation law, must be deemed "work related" under the Portal- to-Portal Act.  As stated above, Judge Griego's order states no facts that would make it relevant to the "travel time" issue in this case.

The Tenth Circuit recently summarized the requirements for the application of the doctrine of collateral estoppel, finding that it requires:

> (1)  the issue previously decided is identical with the one presented in the action in question,  (2)   the prior action has been fully adjudicated on the merits,  (d)  the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication,  and  (4)  the party against whom the doctrine is raised had a full and fair

---

[1] This order was affirmed by the New Mexico Court of Appeals by memorandum opinion and order on October 10, 2000.

opportunity to litigate the issue in the prior action.

*Dodge, et al. v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)(*citation omitted*).

It is quite clear that the issue decided by Judge Griego is *not* identical to the one presented in the immediate lawsuit. Judge Griego's order was decided solely under New Mexico state workers' compensation law. At issue in this case are federal wage and overtime claims. In the state case, Plaintiff did not litigate federal wage and hour claims, nor did Defendant have a chance to defend against such a theory. Judge Griego's order addresses Plaintiff's disability and his entitlement to compensation benefits, following some unexplained accident that occurred during the course and scope of his employment with Defendant – a finding that I presume was preliminary to determining Plaintiff eligible for workers' compensation benefits. These findings were not made under the standards contained in the FLSA or the Portal-to-Portal Act, nor were they made for the purpose of determining straight time and overtime claims. The standards and purpose applied in Judge Griego's order are simply not relevant to nor binding in the current litigation. For these reasons, Plaintiff's Motion for Summary Judgment Based on Collateral Estoppel (Docket No. 12) shall be **denied.**

### B.  Defendant's Motion to Dismiss

As Defendant notes, the purpose of a motion to dismiss is to test the legal sufficiency of a complaint. *Sutton v. Utah State School for the Deaf and Blind*, 173 F.3d 1226 (10th Cir. 1999). The Defendant also correctly notes that the Court's function in this analysis is not to weigh potential evidence, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). A court

reviewing the sufficiency of a complaint presumes all of a plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). A motion to dismiss must be granted when it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997).

Defendant argues that because Plaintiff's wage and hour claims relate only to travel time involved in traveling to and from Plaintiff's place of work and because travel time is exempted from the payment of wages by 29 U.S.C. § 254, Plaintiff's complaint fails to state a claim upon which relief can be granted.

The FLSA was amended by the Portal-to-Portal Act, 29 U.S.C. §§ 251-262. Paragraph (a) of § 254 provides that, unless compensable by contract or by custom, an employer is not required to pay minimum wages or overtime compensation for the time spent by an employee engaged in "(1) ...traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities, ...." By contrast, travel that is "part of [an employee's] principal activity" qualifies as compensable hours worked. 29 C.F.R. § 785.38. *See United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1117 (10th Cir. 1999). The Supreme Court has held that "activities performed either before or after the regular work shift ... are compensable ... if those activities are an integral and indispensable part of the principal activities for which [the employees] are employed." *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956); see also *Baker v. Barnard Constr. Co.*, 146 F.3d 1214, 1216 (10th Cir. 1998).

In other words, generally travel time to the job site, or to the first job assignment, and

5

travel from the job site or the last job assignment is classic commuting or travel time which is not compensable under this Act. Such a situation was recently considered on an appeal from this Court in the case of *United Transp. Union Local 1745 v. City of Albuquerque*, 178 F.3d at 1116. In this case, the Court must consider whether or not Plaintiff may avail himself to any of the above-stated exceptions to the general rule, that is, is travel time compensable by contract or by custom, or because the travel time is an integral and indispensable part of Plaintiff's principal activity performed for Defendant. Defendant argues that Plaintiff makes no allegations of contract, custom, or practice and that therefore these are not issues in the case. I accept Defendant's reasoning. The complaint does allege however that Plaintiff's travel activity is an integral and indispensable part of the principal activities for which Plaintiff is employed.

In *Steiner v. Mitchell*, the Supreme Court interpreted § 254(a) of the Act, holding that if an activity is "an integral and indispensable part of the principal activities for which covered workmen are employed," it constitutes a compensable principal activity rather than a non-compensable preliminary or postliminary task. 350 U.S. at 256. The Tenth Circuit recently noted that the issue of whether an activity is preliminary or postliminary to principal activities for purposes of § 254(a)(2) of the Act, "is a mixed question of law and fact because the precise nature of the employee's duties is a question of fact, while application of the FLSA to those duties is a question of law." *Baker v. Barnard Construction Co., Inc.*, 146 F.3d at 1216 (*citations omitted*).

In evaluating a motion to dismiss, as stated above, it is not the province of the Court to weigh alleged facts, let alone rely upon the arguments of counsel. Rather, it is the role of the Court to presume all of Plaintiff's factual allegations are true and to construe them in a light

6

favorable to Plaintiff. As noted above, Plaintiff has alleged that the activity of travel is an integral and indispensable part of the principal activities for which Defendant has employed him. At this juncture, for purposes of this motion, the Court must accept this allegation as being true, and cannot yet pass judgment as to the precise nature of Plaintiff's duties.

Defendant makes several arguments in opposition to Plaintiff's allegation in this regard. If Defendant can factually support these arguments at a later stage in the litigation and establish that the travel time at issue in this case is not an indispensable part of Plaintiff's job, but rather is ordinary and non-compensable home-to-work travel, then Defendant will be successful. It is premature at this juncture to make such a factual determination. As noted long ago by the Tenth Circuit, it is "difficult to fix a definite standard for determining what activities of an employee, performed before and after his hours of work, are an integral part of and indispensable to his principal activities. Each case must be decided upon its peculiar facts." *DA and S Oil Well Servicing, Inc. v. Mitchell*, 262 F.2d 552, 554-555 (10th Cir. 1958)(holding that employees who transport equipment to oil wells must be compensated for their travel time). *See also Spencer v. Office of Auditor*, 928 F.2d 405 (6th Cir. 1991)(unpublished)(concluding that only if travel is combined with some other indispensable activity is it compensable).

The Court concludes that Plaintiff's allegations do sufficiently state a cause of action and that the motion to dismiss will be **denied.**

### C. Federal Preemption

Defendant makes a vague argument that federal law in this area should pre-empt Plaintiff's claims brought under state law. Defendant admits that it has found "no case law directly on

point". The Court will not address this contention until such time as the Defendant presents a more fully developed argument in this regard.

**WHEREFORE,** for the reasons stated herein, the Court concludes that Defendant's Motion for Dismissal with Prejudice (Docket No. 7) and Plaintiff's Motion for Summary Judgment Based on Collateral Estoppel (Docket No. 12) are **denied**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**