IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM E. SMITH, III, DENNIS L.
ALCON, ERIC ALCON, MARK ALCON,
PAUL ALCON, TONY ALCON,
DARRELL FREDERICK, ANTHONY,
LOOMIS, CHESTER TILEY, JACOB
WEBB, and JEREMY WEBB,

      Plaintiffs,

  vs.                                                                                   No. CIV 00-957 LH/DJS

AZTEC WELL SERVICING COMPANY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Aztec Well's Motion for Partial Summary Judgment (Docket No. 229), filed November 4, 2002. The Court, having considered the briefs submitted by the parties and otherwise being fully advised, finds that Defendant's motion is **well-taken in part** and should be **granted in part and denied in part.** The Court **reserves ruling** on the summary judgment on claims arising after January 2000 until after hearing oral argument on January 7, 2003.

**Background**

In this case, Plaintiffs seek back pay under either the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201-262 (1998), or the New Mexico Minimum Wage Act, N.M. Stat. Ann. §50-4-22(C)

(2000). Plaintiffs claim entitlement to straight and overtime pay for time spent traveling to and from natural gas well sites and to overtime pay recalculated from a base wage that includes a "safety bonus." Before this case was conditionally certified as an FLSA collective action, Defendant Aztec Well (or "the Company") filed a motion to dismiss and, later, a motion for summary judgment, both of which the Court denied. Now that discovery is complete, the Company moves for partial summary judgment under new theories.

Aztec Well first asserts that the Court should enter judgment excluding all claims for compensation of travel time after January 2000, because the employees were aware of the Company's Travel Time Policy after that date. Second, the Company argues that the Court should grant summary judgment on the travel time claims of a number of plaintiffs because they were employed as "daylight rig hands" and have already been compensated for their travel time. Third, the Company urges the Court to grant summary judgment on the FLSA claims of certain Plaintiffs who did not file consents to representation within the statutory limitation periods. Finally, the Company reasserts that all New Mexico Minimum Wage Act claims should be dismissed for procedural reasons and because such claims are preempted by the FLSA.

In its memorandum in support of partial summary judgment, Aztec Well enumerates the undisputed facts, to which Plaintiffs predominantly concede. Plaintiffs state, "[F]or purposes of deciding Defendant's motion, Plaintiff concedes that the factual statements contained in Defendant's supporting memorandum are not disputed." Plaintiffs' Response and Consolidated Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment (Docket No. 237), filed December 6, 2002, at *1.

**Legal Standard**

Entry of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). For the issues addressed in this order, Plaintiffs have conceded to the facts presented by Aztec Well. Given those uncontested facts, however, Aztec Well still must demonstrate in sufficient detail that it is entitled to summary judgment as a matter of law, or the motion must be denied. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion...").

**Analysis**

    A.    **Travel Policy**

In reviewing the arguments relating to the Travel Policy, the Court has concluded that it would benefit from oral argument before ruling on whether to exclude all claims accruing after January 2000. The hearing is set for January 7, 2003.

    B.    **Dismissal of Daylight Rig Hands**

As supported by the affidavit of Office Manager Douglas Hatfield, employees known as "daylight rig hands" or "day rig hands" were provided transportation to and from well sites by Aztec Well and were fully compensated for their travel time. Plaintiffs Randy Benson, Leonard Dee, Myron Dee, Doug Flaherty, Steven Gallegos, Jonathon Garcia, Michael Garcia, Rex Hukle, Jesus Jacobo, Ernest Marez, Manuel Martinez, Jason North, Lawrence Prado, Randy Sills, Jared Smith, and Kenneth Thebo were daylight rig hands with Aztec Well, not 24-hour rig hands, during the three-year

period prior to filing their consents to representation in this case. Because these plaintiffs were fully compensated for their travel time, they have failed to state a claim for unpaid wages, and summary judgment regarding their travel time claims under both the FLSA and the New Mexico Minimum Wage Act should be **granted.** The travel time claims of these Plaintiffs are accordingly **dismissed.**

### C.     Statute of Limitations

Under the FLSA, the limitations period to bring a claim for compensation is two years. 29 U.S.C. § 255(a). However, if the employer is found to have wilfully violated the Act, the limitation on actions is three years. *Id.* Douglas Hatfield's affidavit sets forth the final work dates of certain plaintiffs and notes the dates they consented to representation in this collective action.[1] Based on these dates, the Court accepts the following factual inferences as propounded by the Company. Plaintiffs Henry Hartsell, Kevin Larry, Wyndal Lau, Jimmy Matthews, Anthony Montoya and Chester Tiley filed their consents to representation in this case more than three years after their last day of employment with Aztec Well. Because these plaintiffs did not meet the three-year limitations period,[2] their FLSA claims are **dismissed with prejudice.**

Plaintiffs Michael Archuleta, Kenneth Barber, Ellison Begay, Jason Black, Leonard Dee, Myron Dee, Arnold Dick, Johnny Dominguez, Danny Ray Felker, Doug Flaherty, Gary Gosnell, Pedro Lucero, Manuel Martinez, Lawrence McKenzie, Richard Montoya, Samuel Mustache, Jason North, Lawrence Prado, Dayson Sharp, Tony Smith, Mickey Stout, Rick Weahkee, and Larry Witson

---

[1] The specific final work dates and dates of consent to representation of individual plaintiffs may be found in the Affidavit of Douglas Hatfield (Document No. 232), filed November 4, 2002. These dates are undisputed.

[2] "[I]t is not disputed by Plaintiffs that any individual who did not work for Defendant in any capacity during the three year period prior to the filing of written consent to representation with the Court has no claims for damages in this action." Plaintiffs' Response and Consolidated Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment (Docket No. 237), filed December 6, 2002, at *4.

filed their consents to representation in this case less than three years before, but more than two years after their last date of employment with Aztec Well. Plaintiffs have urged that the three-year limitations period applies because Aztec Well intentionally and wilfully violated the FLSA. While the relevant dates are indeed undisputed, the Company fails to allege with sufficient detail, as it must, that there are no factual disputes regarding the Company's wilfulness. Therefore the Court may not rule, as a matter of law, that these plaintiffs' claims should be summarily dismissed under the two-year limitations period, because the three-year limitations period may be found to apply. In any event, "[a]ny such question of intent is disfavored as an issue to be disposed of on a summary judgment motion." *Hartig v. Safelite Glass Corp.*, 819 F.Supp. 1523 (D. Kan.1993). Summary judgment must be **denied.**

### D. New Mexico Minimum Wage Act

Aztec Well attempts to revive an issue from its previous motion for summary judgment: that the FLSA preempts the New Mexico Minimum Wage Act. Pointing out that Plaintiff Smith failed to respond to the preemption argument at that time, Aztec Well contends that he consented to the Court granting the motion under D.N.M.LR-Civ. 7.1(b). It should be noted, however, that the Court denied the earlier motion because the Company's preemption argument was vague. Memorandum Opinion and Order (Docket No. 20), entered December 29, 2000, at *7-8. Plaintiffs cannot be deemed to have consented to summary judgment on this issue when they did not respond to an argument that was too vague for the Court itself to address on the merits.

Additionally, Aztec Well contends that Plaintiffs have waived the application of New Mexico law because the parties stipulated in the pretrial order filed on October 2, 2001 that the only applicable law was the FLSA. However, this was prior to the Court's conditional certification of the

collective action. Plaintiffs were granted permission to amend their complaint, which they filed on January 18, 2002. The amended complaint makes a claim for unpaid wages under both the FLSA and the New Mexico Minimum Wage Act. Since January 18, 2002, the parties have conducted discovery to address the claims propounded in the amended complaint. Indeed, the parties were ordered by the magistrate to file a new pretrial order by December 19, 2002. Order (Docket No. 220), entered August 19, 2002 (setting final deadlines for discovery, dispositive motions, and pretrial order).

Aztec Well has made no new argument on the merits in support of preemption of the New Mexico Minimum Wage Act. Although the Court fails to understand how Plaintiffs would have better results under the New Mexico Minimum Wage Act than under the FLSA, Aztec Well has made no concrete argument for preemption of the state law claims, and the motion must be **denied.**

**IT IS, THEREFORE, ORDERED** that the Court will **reserve ruling** on summary judgment of Plaintiffs' travel time claims arising after January 2000 until hearing oral argument on January 7, 2003.

**IT IS FURTHER ORDERED** that summary judgment dismissing the travel time claims, under both the FLSA and the New Mexico Minimum Wage Act, of Plaintiffs Randy Benson, Leonard Dee, Myron Dee, Doug Flaherty, Steven Gallegos, Jonathon Garcia, Michael Garcia, Rex Hukle, Jesus Jacobo, Ernest Marez, Manuel Martinez, Jason North, Lawrence Prado, Randy Sills, Jared Smith, and Kenneth Thebo is **granted**, based on their status as daylight rig hands.

**IT IS FURTHER ORDERED** that summary judgment **dismissing with prejudice** the FLSA claims of Plaintiffs Henry Hartsell, Kevin Larry, Wyndal Lau, Jimmy Matthews, Anthony Montoya and Chester Tiley, is **granted** for exceeding the three-year limitations period. Summary

judgment dismissing the FLSA claims of Plaintiffs Michael Archuleta, Kenneth Barber, Ellison Begay, Jason Black, Leonard Dee, Myron Dee, Arnold Dick, Johnny Dominguez, Danny Ray Felker, Doug Flaherty, Gary Gosnell, Pedro Lucero, Manuel Martinez, Lawrence McKenzie, Richard Montoya, Samuel Mustache, Jason North, Lawrence Prado, Dayson Sharp, Tony Smith, Mickey Stout, Rick Weahkee, and Larry Witson, is **denied.**[3]

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment on claims under the New Mexico Minimum Wage Act is **denied.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court has already ruled that Plaintiffs Leonard Dee, Myron Dee, Doug Flaherty, Manuel Martinez, Jason North, and Lawrence Prado's travel time claims are dismissed. However, summary judgment on these plaintiffs' safety pay claims, if any, is denied.