IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM E. SMITH, III, DENNIS L.
ALCON, ERIC ALCON, MARK ALCON,
PAUL ALCON, TONY ALCON,
DARRELL FREDERICK, ANTHONY,
LOOMIS, CHESTER TILEY, JACOB
WEBB, and JEREMY WEBB,

        Plaintiffs,

   vs.                                                   No. CIV 00-957 LH/RLP

AZTEC WELL SERVICING COMPANY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Aztec Well's Motion for Partial Summary Judgment (Docket No. 229), filed November 4, 2002. The Court ruled on all issues but one in its Memorandum Opinion and Order (Docket No. 241), entered January 6, 2003, and reserved ruling on one portion of the motion for partial summary judgment until hearing oral argument on January 7, 2003. Having considered the parties' briefs, oral argument, and otherwise being fully advised, the Court finds that Defendant's motion for partial summary judgment of Plaintiffs' travel time claims arising after January 2000 is **well-taken** and should be **granted.**

## I.     UNDISPUTED FACTS

In their memorandum to support their motion for partial summary judgment, Aztec Well provided the Court with an enumerated statement of undisputed facts, attached exhibits to their memorandum, and separately filed the affidavits of Stewart Peterson and Douglas Hatfield. In their response, Plaintiffs stated that,

> Plaintiffs are without evidence to controvert the undisputed facts set forth in Defendant's Memorandum in support of summary judgment. Accordingly, for purposes of deciding Defendant's motion, Plaintiff concedes that the factual statements contained in Defendant's supporting memorandum are not disputed.

(Plaintiffs' Response and Consolidated Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment ("Plfs' Resp."), *1). Despite conceding Defendant's undisputed facts, Plaintiffs assert, "The court has already observed that this is a factual dispute which is controverted by the parties. Adequate evidence of the factual dispute is already before the court pursuant to Defendant's two prior summary judgment motions." *Id.* at *2.

The pertinent facts set forth by Defendants are as follows. Aztec Well prepared a written travel policy ("Travel Policy") in late 1999. (Affidavit of Stewart Peterson (Docket No. 231), filed November 4, 2001, ¶2). The Company distributed the Travel Policy to employees receiving driving reimbursement checks on January 20, 2000. *Id.*, ¶6. On January 27, 2000, Aztec Well distributed copies of the Travel Policy to all rig hands with their payroll checks. *Id.*, ¶9.

The Travel Policy provides, in pertinent part:

> 2)     No floor hand or derrick hand is required to travel to or from the 24 hour rig location with the driller. 24 hour crew members are free to drive their own vehicles to or from the 24 hour well location. No driller can require a floor or derrick hand to ride with him and 24 hour crew members cannot be disciplined or terminated as an employee for refusing to ride with a driller. If a driller violates this policy, 24 hour

crew members must notify their tool pusher or the Drilling Superintendent immediately.

5) 24 hour crew members including drillers, floor hands and derrick hands may not be asked or required to transport tools, uniforms, paper work, or anything else for the company to or from the 24 hour rig location...

6) 24 hour crew members including drillers, floor hands and derrick hands may not be asked or required to perform any service or duty for the company or any company supervisor while traveling to or from the 24 hour location...

7) 24 hour crew members must make their own arrangements for car pools (should they wish to car pool) and cannot ask the company or any supervisor with a company supplied vehicle for a ride to and from location.

9) Drillers are not paid to or required as part of their job duties to organize or provide transportation...

(Defendant's Memorandum in Support of Motion for Partial Summary Judgment, Ex. A).

## II.   STANDARD OF REVIEW

The Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). After the moving party makes a prima facie showing that summary judgment is appropriate under Rule 56, the burden shifts to the non-moving party either to assert, supported by some evidence, that material facts are disputed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the Court finds that the evidence before it is of such a nature that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence of the nonmoving party will be believed as true, all doubts will be resolved against the moving party, all evidence will be

construed in the light most favorable to the nonmoving party, and all reasonable inferences will be drawn in favor of the nonmoving party. *Id*. at 255.

**III.    DISCUSSION**

Aztec Well moves the Court for summary judgment to bar all travel time claims accruing after the Company issued the Travel Policy.[1]  The Company asserts that, after the Travel Policy was distributed to the supervisors and rig hands in January 2000,[2] all parties were "unequivocally aware that [rig hands] could make their own arrangements to travel to [and from] well sites."  Plaintiffs respond that, despite the existence of the Travel Policy, Aztec Well fails to show that it is entitled to judgment as a matter of law on the compensability of travel time after that date. (Plfs' Resp. at *2 ("The formulation of company policy prohibiting work outside normally compensated work hours established by the employer does not forgive the statutory overtime requirement....Wirtz v. Bledsoe, 365 F.2d 277 (10th Cir. 1966).")).  The Court is not persuaded by Plaintiffs' argument.

The United States Supreme Court has held that "activities performed either before or after the regular work shift...are compensable...if those activities are an integral and indispensable part of the principal activities for which [the employees] are employed." *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956), as quoted in *United Transport Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109,

---

[1]The Company did not raise the Travel Policy issue in its motion to dismiss or first motion for summary judgment because, at the time those motions were filed, William Smith III was the only plaintiff.  Plaintiff Smith stopped working for Aztec Well in January 1999, before the implementation of the Travel Policy.  (Pretrial Order (submitted to the Court on October 2, 2001, but not yet entered), Stipulated Factual Contentions, ¶5).

[2]Aztec Well proposes that this date is January 20, 2000.  However, the Court concludes from the affidavit of Stewart Peterson, that the date by which *all* supervisors *and* employees had received a copy of the policy actually was January 27, 2000.

1116-17 (10th Cir. 1999). This is a mixed question of law and fact "because the precise nature of the employee's duties is a question of fact, while application of the FLSA to those duties is a question of law." *United Transport*, 178 F.3d at 1117.

Plaintiffs did not submit any evidence whatsoever or make a proffer to the Court to demonstrate that there are factual disputes as to the "precise nature of employees' duties," *i.e.*, whether it was part of their duties to travel with their crew supervisor, after the Travel Policy was implemented on January 27, 2000. Instead, Plaintiffs have relied on a vague gesture toward deposition testimony that was taken prior to the institution of the Travel Policy and submitted to resist an earlier summary judgment motion.[3]

Because Plaintiffs have submitted no evidence pertaining to the employees' duties for the period after January 27, 2000, the Court holds that no reasonable jury could conclude that the employees' duties could have included mandatory travel with a crew supervisor to make that time "integral and indispensable" under the FLSA.

The Court takes care to note that Defendants are entitled to summary judgment primarily because Plaintiffs' counsel failed to present the Court with any evidence whatsoever to raise a factual dispute about employees' duties after January 27, 2000. This grant of summary judgment on any claims made after that date in no way alters the Court's denial of summary judgment of the travel time

---

[3] The deposition testimonies upon which Plaintiffs relied to resist Defendant's first motion for summary judgment were those of Charlie Kaiser, Jerry Lacy, Richard Scott, Edgar Carpenter, and William Smith III. (Plaintiff's Response with Consolidated Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment (Docket No. 62), filed July 24, 2001, Exs. 1-5) and (Plaintiff's Notice of Errata and Correction to the Record (Docket No. 64), filed July 30, 2001, Ex. 4). With the exception of one of the depositions of William Smith III, all of these depositions were taken in 1999, prior to the implementation of the Travel Policy. While William Smith III was deposed in this case on May 2, 2001, his testimony would not pertain to the written Travel Policy, which was not in effect at Aztec Well when he was employed there.

claims arising before that date.  Plaintiffs successfully resisted summary judgment for the earlier claims by raising genuine issues of material fact, and this decision merely limits Plaintiffs' claims to those arising before January 27, 2000.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for summary judgment of Plaintiffs' travel time claims after January 27, 2000 is **granted.**  All claims arising after that date are **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiffs shall submit to the Court and opposing counsel by Friday, April 11, 2003 a *revised* list of the FLSA class members that remain in the case after the stipulated dismissals of the forty-hour workweek and safety pay claims, the entry of the Court's Memorandum Opinion and Order entered January 6, 2003, and the entry of this Order.  A status conference shall be scheduled shortly to hear suggestions from the parties on how to proceed in the most expeditious manner to resolve this case.

_____
**UNITED STATES DISTRICT JUDGE**