IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


WILLIAM E. SMITH, III, *et al.*,

      Plaintiffs,

    vs.                                         No. CIV 00-957 LH/RLP

AZTEC WELL SERVICING CO.,

      Defendant.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's motion *in limine* to exclude certain evidence (Docket No. 268), timely filed September 26, 2003, and on the Plaintiffs' motion *in limine* to exclude certain evidence (Docket No. 272), filed October 10, 2003.  The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the applicable law, and otherwise being fully advised, finds that the Defendant's motion is **well taken in part** and should be **granted in part**.  The Court further finds that those portions of the Defendant's motion that are not granted are held in abeyance until the pretrial conference.  Finally, the Court finds that the Plaintiffs' motion is **not well taken** and should be **denied**.


Defendant's Motion

      The Defendant has moved *in limine* to exclude six different types of evidence.  First, the

Defendant moved to exclude any evidence regarding the Plaintiffs' safety pay claim. This issue has been submitted to the jurisdiction of the United States Department of Labor, and the Plaintiffs do not dispute that such evidence should be excluded. The Defendant's motion as to that evidence is therefore granted.

The Defendant has also moved to exclude any evidence regarding the findings in or resolution of Plaintiff William Smith's workers' compensation proceeding. Smith was injured traveling from a work site after his shift. He filed a workers' compensation claim prior to filing this lawsuit, and the Workers' Compensation Administration found that Smith was entitled to workers' compensation benefits because he was in the course of employment when the accident occurred. The Plaintiff then moved for summary judgment in this case based on collateral estoppel. Plaintiff Smith's Motion for Summary Judgment (Docket No. 12), filed August 25, 2000.

This Court denied that motion, holding that the findings of the Workers' Compensation Administration were not governed by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* [hereinafter FLSA], and were "simply not relevant to nor binding in the current litigation." Memorandum Opinion and Order (Docket No. 20), December 29, 2000. That remains the case, and this evidence is irrelevant. Its probative value, which is minimal if even existent, is also substantially outweighed by the danger of unfair prejudice and confusion of the issues. FED. R. EVID. 403. The Defendant's motion as to this evidence is granted.

Finally, the Defendant has moved to exclude any evidence of payment of mileage compensation to the owners of carpool vehicles. The Defendant company compensates the owners of vehicles used to transport crews to and from the well sites for wear and tear on their vehicles. The Plaintiffs argue that the mileage payments show "notice and knowledge on the part of the Defendant

that their employees are in fact in the course and scope of their employment while traveling to and from the sites." Plaintiffs' Response to Defendant's Motion at 11. That argument is without merit. The Court agrees with the Defendant that the payments are not required by the FLSA and should not be used to infer that the Defendant has an obligation to pay its 24-hour rig hands for their travel time. The probative value of the evidence of those vehicle maintenance cost payments is substantially outweighed but the danger of unfair prejudice to the Defendant and of misleading the jury. FED. R. EVID. 403. The Defendant's motion as to this evidence is granted.

The other portions of the Defendant's motion are disputed and not so easily resolved. "A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion *in limine* gives the court the opportunity to take up before trial those certain and limited evidentiary issues in order to minimize interruptions at trial." *Deghand v. Wal-Mart Stores, Inc.*, 980 F.Supp. 1176, 1179 (D. Kan. 1997). However, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. For this reason, some courts defer making *in limine* rulings unless the evidence is clearly inadmissible on all potential grounds." *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1387-88 (D. Kan. 1998). The Court will withhold ruling on the remaining portions of the Defendant's motion until the pretrial conference.

The Defendant's motion *in limine* to exclude any evidence regarding the Defendant company's "daylight rig hands" and the policies applicable thereto, any evidence of the Plaintiffs' damages that is based on speculation or "guesswork," and any representations made by drillers employed by the Defendant as evidence of the Defendant's employment policy, should be, and hereby are, held in abeyance until the pretrial conference.

Plaintiffs' Motion

On August 29, 2003, this Court ordered that any motions *in limine* be filed by September 26, 2003.  Order (Docket No. 266), August 29, 2003.  Without requesting either an extension of that deadline or permission to file beyond the deadline, the Plaintiffs filed their motion on October 10, 2003.  The Court finds that the Plaintiffs have not shown cause for their failure to meet the Court's deadline, requested that the period of time for filing of motions *in limine* be enlarged before the expiration of that period, or moved this Court to permit their motion to be filed late due to excusable neglect.  FED. R. CIV. P. 6(b).  The Plaintiffs' motion is therefore untimely and not properly before this Court.  *E.g.*, *Jones v. Topeka*, 764 F. Supp. 1423, 1425 (D. Kan. 1991).

**IT IS, THEREFORE, ORDERED** that the Defendant's motion *in limine* to exclude any evidence regarding the Plaintiffs' safety pay claim, any evidence regarding the findings in or resolution of Plaintiff William Smith's workers' compensation proceeding, and any evidence of payment of mileage compensation to the owners of carpool vehicles is **granted**.

**IT IS FURTHER ORDERED** that the Defendant's motion *in limine* to exclude any evidence regarding the Defendant company's "daylight rig hands" and the policies applicable thereto, any evidence of the Plaintiffs' damages that is based on speculation or "guesswork," and any representations made by drillers employed by the Defendant as evidence of the Defendant's employment policy is held in abeyance until the Pretrial Conference.

-4-

**IT IS FURTHER ORDERED** that the Plaintiffs' motion *in limine* is **denied**.


**IT IS SO ORDERED.**


_____

**SENIOR UNITED STATES DISTRICT JUDGE**