IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM E. SMITH, III, *et al.*,

    Plaintiffs,

vs.                                                    No. CIV 00-957 LH/RLP

AZTEC WELL SERVICING CO.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court *sua sponte*. This suit was tried to a jury, which returned a verdict for the Plaintiffs on February 23, 2004 on the question of the Defendant's liability under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* [hereinafter FLSA]. The Court must now determine which of the remaining Plaintiffs are similarly situated for the purposes of the statute and are therefore entitled to recover pursuant to the jury's verdict. 29 U.S.C. § 216(b). The Court, having considered the trial transcript, the applicable law, and otherwise being fully advised, finds that those Plaintiffs who were members of drilling crews during the pertinent time period and were required by their drillers to travel to and from well sites with their drillers were similarly situated and are entitled to recover on the verdict. Those Plaintiffs who were drillers were not similarly situated, however, and are therefore not entitled to recover based on the evidence adduced at trial.

    The FLSA itself provides for the collective nature of suits under that statute. "An action to recover the liability prescribed in either of the preceding sentences [for a violation of the FLSA], may

be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). "The statute does not define 'similarly situated,' nor has the Tenth Circuit explained its meaning." *Bayles v. American Medical Response*, 950 F. Supp. 1053, 1058 (D. Colo. 1996).

"Section 216(b) does not provide a formal certification process as is found in [FED. R. CIV. P.] 23. 'Certification' in the FLSA context means that the Court allows the suit to proceed as a collective action in accordance with the requirements of § 216(b). Two conditions must be met: (1) the named representatives and the members of the prospective FLSA 'class' must be similarly situated, and (2) the action must be one of general effect, not one which is purely personal to the plaintiff." *Wyatt v. Pride Offshore, Inc.*, 1996 U.S. Dist. LEXIS 13335 at *4 (E.D. La. 1996). "For prospective plaintiffs to be similarly situated, there must be a factual nexus which binds them together as victims of an alleged policy or practice." *Id.* "Each prospective plaintiff must also consent in writing to be a party to the suit." *Id.*

The evidence adduced at trial was that drillers required their crews to travel to and from the well sites with the drillers. As supervisors of their crews, the drillers bound the Defendant by doing so. On the other hand, there was no evidence at trial that drillers were required to travel to and from well sites with their crews or that the Defendant company exerted control over the drillers in any other manner during this travel time. The drillers' travel time was therefore not subject to the same job requirements that the jury found applied to the travel time of the crew members. Thus, the drillers were not similarly situated to the crew members, and are not entitled to recover on the verdict.

One of the testifying Plaintiffs in this case, Mr. Alcon, was a driller. As the supervisor of a crew, Mr. Alcon was in a position to require members of his crew to ride to and from well sites with him, and testified that he did so. The other testifying Plaintiff, Darrell Frederick, was a derrick hand. His testimony indicated that he was required to travel to and from the job sites with his driller. The Court assumes that the Plaintiffs who did not testify at trial were crew members, not drillers, during the relevant time period. If this is not the case, Plaintiffs' counsel shall inform the Court immediately.

This conclusion in no way affects the Court's denial of the Plaintiffs' trial motion for a mistrial or, in the alternative, a new trial. The Plaintiffs made their motion after the Court granted the Defendant's motion for judgment as a matter of law on the issue of the wilfulness of any FLSA violation on the part of the Defendant. The record indicates that the Plaintiffs argued that they were entitled to a mistrial or a new trial because they had put on evidence of a collective action and, after the Defendant's motion was granted, seven individual claims remained instead. The Plaintiffs argued that the manner in which the case would be tried after that motion was granted would prejudice the Plaintiffs. That was not the case. There is no minimum number of plaintiffs required before an FLSA suit can be litigated as a collective action, such as the numerosity requirement of FED. R. CIV. P. 23(a)(1) or the requirement that a class action be superior to other available methods for the fair and efficient adjudication of the controversy of FED. R. CIV. P. 23(b)(3). The only requirement in the statute is that the Plaintiffs, whether two or two thousand, be similarly situated.

The Plaintiffs' concerns, in the manner in which they were raised at trial, were unfounded and their motion was properly denied. Those concerns should, however, have brought to the fore the fact that there had been no finding that the Plaintiffs were in fact similarly situated and raised the issue

of whether the remaining Plaintiffs should have been required to prove their individual claims, whether by showing they were similarly situated to the testifying Plaintiffs prior to trial or by carrying their own burden of proof at trial. The non-testifying Plaintiffs were, of course, required to prove their causes of action, but only by showing that they were similarly situated to the testifying Plaintiffs, on whom the burden of persuasion rested.

Liquidated Damages

The issue of whether the Plaintiffs are entitled to liquidated damages pursuant to 29 U.S.C. § 260 remains for the Court to decide as a matter of law. The Court finds that a post-trial hearing on the matter is not contemplated by the statute. The Court heard sufficient evidence at trial to make this determination without further proceedings, but will require briefs on this issue.

**IT IS, THEREFORE, ORDERED** that all Plaintiffs who were crew members and were required by their drillers to travel to and from well sites with their drillers were similarly situated and entitled to recover under the FLSA.

**IT IS FURTHER ORDERED** that those Plaintiffs who were drillers were not similarly situated to the other Plaintiffs and are not entitled to recover on the jury's verdict.

**IT IS FURTHER ORDERED** that the Court will decide the issue of liquidated damages on the evidence adduced at trial and without hearing further evidence.

**IT IS FURTHER ORDERED** that the parties shall submit simultaneous briefs, not to exceed ten pages in length, on the issue of whether the Defendant employer has shown that the act

or omission giving rise to its liability was in good faith and that it had reasonable grounds for believing that its act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. The briefs shall be filed no later than Friday, April 23, 2004, shall address only this issue, and shall include specific factual support.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**