IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM E. SMITH, III, *et al.*,

    Plaintiffs,

vs.                                     No. CIV 00-957 LH/RLP

AZTEC WELL SERVICING CO.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Judgment as a Matter of Law (Docket No. 337). The Court, having considered the pleadings submitted by the parties, the arguments of counsel, the trial transcript, the applicable law, and otherwise being fully advised, finds that the Defendant's motion is **well taken** and should be **granted**.

I. Background

The Plaintiffs here are rig hands who work on oil and gas wells in northwest New Mexico for the Defendant Aztec Well Servicing Co. They filed this collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* [hereinafter FLSA], alleging that they were entitled to be paid for the time they spent traveling to and from the well sites, at which their work was performed, and for overtime compensation for weeks in which that travel time increased their workweeks beyond

forty hours. The Court previously granted the Defendant's motion for partial summary judgment (Docket No. 250), which dismissed all claims arising after January 27, 2000, and the Defendant's trial motion for judgment as a matter of law on the issue of the wilfulness of any FLSA violation on the part of the Defendant company, which shortened the applicable statute of limitations to two years and thereby dismissed the claims of a number of other Plaintiffs.

The suit was tried to a jury, which found in a special verdict that the Defendant had violated the FLSA by failing to compensate the Plaintiffs for their travel to and from their work sites. Special Verdict (Docket No. 330). The Court denied the Defendant's motions for judgment as a matter of law at the close of the Plaintiffs' case and at the close of all the evidence. The Court subsequently ruled that, based on the evidence adduced at trial and the jury's verdict, only crew members, as opposed to drillers, were entitled to recover on the verdict. Mem. Op. and Order (Docket No. 335). The Defendant timely renewed its motion following the verdict. Def.'s Mot. for J. as a Matter of Law (Docket No. 337). The Defendant did not move in the alternative for a new trial as permitted by FED. R. CIV. P. 50(b).

## II. Standard of Review

In order for the Court to grant the Defendant's motion, it must find that there is no legally sufficient evidentiary basis for a reasonable jury to have found for the Plaintiffs on the issue of the Defendant's liability. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court must view the evidence, and all justifiable inferences to be drawn therefrom, in the light most favorable to the Plaintiffs. *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge...." *Id.*

III.  Analysis

A.  Travel Time

The FLSA requires employers to pay their employees a minimum wage for a forty hour workweek and compensate them for all hours in excess of forty worked in a single workweek at a rate one and one-half times the regular rate at which they are employed.  29 U.S.C. § 207(a)(1).  The Plaintiffs allege that they did not receive the statutory minimum wage for their travel time or overtime compensation when their travel time caused their workweeks to exceed forty hours.  Pursuant to the Portal-to-Portal Act, 29 U.S.C. §§ 251-262, employers are not required to compensate their employees for "walking, riding or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform" or for "activities which are preliminary to or postliminary to said principal activity or activities which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities."  29 U.S.C. § 254(a).

"Activities performed either before or after the regular work shift...are compensable...if those activities are an integral and indispensable part of the principal activities for which [the employees] are employed."  *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956).  "Whether an activity is preliminary or postliminary to principal activities for purposes of § 254(a)(2) of the Portal-to-Portal Act is a mixed question of law and fact because the precise nature of the employee's duties is a question of fact, while application of the FLSA to those duties is a question of law."  *Baker v. Barnard Constr. Co.*, 146 F.3d 1214, 1216 (10th Cir. 1998).

The evidence adduced at trial was conflicting.  In the light most favorable to the Plaintiffs, there was evidence sufficient to support the jury's verdict to indicate that drillers, working foremen

who supervised crews of rig hands, required the Plaintiffs to travel with them to and from the oil and gas well sites at which the crews worked. This alone is insufficient to support the jury's verdict, however. "Work is 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer.'" *Reich v. IBP, Inc.*, 38 F.3d 1123, 1125 (10th Cir. 1994), *quoting Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).[1]

While the Court must accept, for the purposes of the Defendant's motion, the fact that the Plaintiffs were required to travel to and from their work sites with their drillers, the Plaintiffs failed to establish that the travel time in and of itself was work for which they must be compensated. "[T]raveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform" falls squarely within the Portal-to-Portal Act's exceptions to the general FLSA requirements for compensating employees. 29 U.S.C. § 254(a). The time spent traveling is obviously "preliminary to or postliminary to said principal activity or activities," and "occur[ed] either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." *Id.*

The evidence at trial also indicated that a significant reason the Plaintiffs traveled with their driller was for their own convenience, to save wear and tear on their own vehicles, and to save the expense of traveling to and from their work sites. Trial Tr. Day 1 192:21-25; 194:9-25; 231:25-232:16;

---

[1] The Supreme Court subsequently held that there need be no actual "exertion" for an activity to be considered work. "[A]n employer, if he chooses, may hire a man to do nothing, or to do nothing but wait for something to happen." *Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944). The applicable Department of Labor regulations draw a distinction between one who is "engaged to wait," who is considered to be working and must be compensated for his time, and one who is "waiting to be engaged," who is not working and need not be compensated. *See* 29 C.F.R. § 785.15.

261:7-12; Trial Tr. Day 2 106:17-107:22; 255:21-256:10; Trial Tr. Day 3 708:20-709:24; 713:17-25; 755:8-25. "The test for whether an employee's time constitutes working time is whether the time is spent predominantly for the employer's benefit or for the employee's." *Gilligan v. City of Emporia*, 986 F.2d 410, 412 (10th Cir. 1993). Thus, it cannot be said that the Plaintiffs' travel itself was work time for which they must be compensated.

B.  Compensable Activities Performed While Traveling

There must therefore be some indication that the Plaintiffs were performing compensable work activities that were an integral and indispensable part of the principal activities for which they were employed while traveling in order for the Defendant to be liable to compensate them for that time. *Steiner v. Mitchell*, 350 U.S. at 256. Much of the testimony at trial regarded the activities the crews undertook while traveling to and from the well location. The testimony indicated that crew members slept, ate, read, talked, and listened to the radio, in addition to discussing job safety while traveling. Trial Tr. Day 1 197:6-198:4; 234:8-15; Trial Tr. Day 2 57:3-12; 107:23-25; 113:8-13; 113:22-115:9; 260:3-6; Trial Tr. Day 3 716:25-717:13; 764:12-765:11; 830:12-831:7; 871:25-873:12; 962:3-8.

The Plaintiffs alleged at various times during these proceedings that the crews occasionally transported paperwork and equipment to and from the well locations and should have been compensated for their travel time on that basis. Trial Tr. Day 1 202:24-203:20; 236:5-237:15; 274:2-20; Trial Tr. Day 2 38:12-40:13; 121:13-125:23. Like traveling to and from the well location, transportation of these items was not among the principal activities for which the Plaintiffs were employed. It was preliminary and postliminary thereto and occurred either prior to the time on any particular workday at which the Plaintiffs commenced those principal activities or subsequent to the time on any particular workday at which the Plaintiffs ceased them. It was also not required with any

regularity, if at all.[2]

There was also testimony that the crews were required to get out of the truck to put chains on the tires, dig the truck out of the mud, change flat tires, or open and close gates. Trial Tr. Day 1 207:20-208:9; Trial Tr. Day 3 798:18-799:5; 856:24-857:3. Ordinary home-to-work travel is a normal incident of employment, and these activities were ordinary incidents of that travel. These infrequent occurrences also were not among the primary activities for which the Plaintiffs were employed, and were preliminary and postliminary thereto and did not occur during the time the principal activities were performed.

*Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984), articulated three factors to consider in determining whether otherwise compensable time should be disregarded because it is *de minimis*: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work." *Id.* at 1063. Based upon these factors, the aforementioned activities would be *de minimis* in nature. Getting out of the driller's truck to open a gate, for example, would create considerable practical administrative difficulty in recording the additional time engaged in that activity, would amount to very little aggregate compensable time, and was not done on a regular basis. *Id.* The same is true of changing flat tires, putting chains on tires, or digging the truck out of the mud, which indisputably happened even less frequently.

The only conceivably compensable activities that occurred during travel time were therefore the discussions the drillers had with their crews regarding safety, crew discipline, or the activities to

---

[2] There was some indication that these activities were not required by the Defendant or any of the Plaintiffs' supervisors, but rather were performed voluntarily, as a favor to a co-worker, or for the Plaintiffs' own benefit in the case of transporting the crews' time sheets to the company office so that they would arrive sooner than they otherwise would. Trial Tr. Day 1 236:5-11; Trial Tr. Day 2 39:25-40:8; Trial Tr. Day 2 123:1-124:14; 192:24-193:11; 263:18-265:8; Trial Tr. Day 3 725:21-726:17; 837:14-21; 892:9-894:9; 951:10-952:6.

be undertaken during the next shift. Discussing job safety is not the same as having a safety meeting required by the employer, however, and such discussions are not necessarily compensable simply because they involve work-related topics. The crews did have mandatory safety meetings, which took place at the well site. Indeed, they had to take place at the well site, as the tool pusher, company man, concrete crews, air compressor operators, fracturing crews, and other personnel who were not members of the drilling crew participated in these meetings as well. Trial Tr. Day 1 199:17-200:1; Trial Tr. Day 2 185:2-8; Trial Tr. Day 3 938:4-20. The mandatory documentation of the safety meetings was stored at the well location. Trial Tr. Day 1 105:20-106:25; 199:1-16; 205:1-8; Trial Tr. Day 2 45:15-46:7; Trial Tr. Day 3 717:23-718:23; 937:14-938:3.

The crews were also at best only vaguely aware of what tasks the crew would be performing during their next shift while they were traveling to and from the well location. Trial Tr. Day 1 235:15-236:4; Trial Tr. Day 2 121:5-12; 192:6-13; 262:20-263:12. Unlike the mandatory safety meetings, which focused on the particular activities of that day's work, discussing safety while traveling could therefore be only marginally beneficial to the crews or the Defendant employer, and was preliminary and preparatory to the principal activities for which the Plaintiffs were employed. The crews were employed to drill and operate oil and gas wells. These activities could not have been undertaken in the driller's truck while traveling.

By the same token, Paul Alcon's testimony that he instructed his crew about safety and the day's activities while traveling to and from the well location is insufficient to support the jury's verdict. While the Court must view the evidence in the light most favorable to the Plaintiffs, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, it may disregard testimony that contradicts undisputed physical facts. *Whittington v. Mayberry*, 190 F.2d 703, 705 (10th Cir. 1951). *See also O'Connor v. Pennsylvania R.R. Co.*, 308 F.2d 911, 915 (2d Cir. 1962); *Grant v. Cia Anonima*

*Venezolana de Navegacion*, 228 F.Supp. 232, 235 (E.D. La. 1964), *aff'd*, 343 F.2d 757 (5th Cir. 1965).

It is not disputed that personnel other than the drilling crews, who did not travel with the crews, attended the mandatory safety meetings or that the safety meetings were documented at the well site.  This documentation was required to record the topic discussed and could only be completed at the well sites, where the tower logs were stored.  The requisite job hazard analysis discussions, which identified the hazards of the next task to be performed by the crew and analyzed how best to minimize and avoid those risks, could not be held until the crew knew what their next task would be.  The crew did not learn of the status of the rig or the next task to be performed until it arrived at the well location and spoke with the crew it relieved.  Trial Tr. Day 1 235:15-236:4; Trial Tr. Day 2 121:5-12; 192:6-13; 262:20-263:12.  General, abstract safety discussions while traveling to or from the well location were therefore not an integral and indispensable part of the principal activities for which the Plaintiffs were employed, and were not required by the Defendant company.  They were preliminary and postliminary to the principal activities for which the Plaintiffs were employed, and occurred either prior to the time on any particular workday at which the Plaintiffs commenced those activities or subsequent to the time on any particular workday at which the Plaintiffs ceased them.

IV.  Conclusion

The time the Plaintiffs spent traveling to and from their work locations was an ordinary incident of their employment for which the Defendant employer was not obligated to compensate the Plaintiffs.  Even if the Plaintiffs were required to travel with their drillers, the travel was not among the principal activities, or an integral and indispensable part of the activities, for which they

were employed. The activities performed while traveling were preliminary or postliminary to the principal activities and occurred prior to the time on any particular workday when the Plaintiffs began their principal activities or subsequent to the time at which they ceased those activities. The Plaintiffs did not engage in otherwise compensable work activities while traveling. The evidence at trial was therefore insufficient to support the jury's verdict.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment as a Matter of Law is **granted.**

**IT IS FURTHER ORDERED** that the Court's previous Judgment on Liability that the Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to compensate the Plaintiffs for their travel to and from their work sites (Docket No. 334) is **vacated**.

**IT IS FURTHER ORDERED** that, pursuant to FED. R. CIV. P. 50(b)(1)(C) and FED. R. CIV. P. 58(a)(1)(A), judgment is hereby entered as a matter of law that the Defendant did not violate the FLSA by failing to compensate the Plaintiffs for their travel to and from their work sites.

**IT IS THEREFORE ORDERED AND ADJUDGED** that final judgment be, and hereby is, entered in favor of Defendant Aztec Well Servicing Co., each party to bear its own costs and fees.

**IT IS SO ORDERED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**